## A. V. SHANNON *v.* FIDELITY NATIONAL BANK
### of West Memphis

75-226                                   531 S.W. 2d 958

### Opinion delivered February 2, 1976

*Troutt, Moore & Johnson* and *Spears & Sloan,* for appellant.

*Skillman, Durrett & Davis,* for appellee.

GEORGE ROSE SMITH, Justice. This appeal presents a single question under our "long-arm" statute. In 1972 R. S. Pitts executed a $15,000 promissory note to the plaintiff-appellee, Fidelity National Bank of West Memphis, Arkansas. The appellant Shannon, a resident of Tennessee, came to the bank and endorsed a guaranty of payment on the back of the note. Pitts defaulted and went bankrupt. Shannon, upon being sued in Arkansas, appeared specially and contended that he was not subject to personal jurisdiction here. This appeal is from a judgment rejecting that plea and holding Shannon liable upon his guaranty.

The judgment is correct. The long-arm statute confers personal jurisdiction over a nonresident as to a cause of action arising from his "transacting any business in this State." Ark. Stat. Ann. § 27-2502 (Supp. 1975). In construing the statute in *Wichman v. Hughes,* 248 Ark. 121, 450 S.W. 2d 294 (1970), we cited a number of cases holding that personal jurisdiction may be sustained on the basis of "a single contractual transaction." To that list may be added *Pacer Inter-*

*national Corp.* v. *Otter Distributing Co.*, 273 N.Y.S. 2d 829, 51 Misc. 2d 737 (1966), where, as here, the nonresident executed a guaranty within the state. Hence the statute, as we have construed it, confers personal jurisdiction over Shannon, because the bank's cause of action arises from Shannon's having transacted business in Arkansas.

Affirmed.