EAGLE MATERIAL HANDLING OF ARKANSAS,
INC. *v.* ACME DOCK SPECIALISTS, INC. et al

81-64                                     616 S.W. 2d 716

Supreme Court of Arkansas
Opinion delivered July 13, 1981

*Rose Law Firm*, for appellant.

*John B. Plegge*, for appellees.

John I. Purtle, Justice. This appeal is from the ruling of the Pulaski County Circuit Court dismissing a third-party complaint on the grounds that appellee is not subject to the personal jurisdiction of the court under the long-arm statute. The only argument on appeal is that the court erred in holding that appellee was not subject to the jurisdiction of the court pursuant to Ark. Stat. Ann. § 27-2502 (Repl. 1979). We agree with the ruling of the trial court.

Barbara Ann Stack suffered severe injuries when her arm was caught in a paper shredder which she was operating at the Blue Cross-Blue Shield building. She was a Kelly Girl on duty as a temporary employee at the time of the injury. The shredder had been procured in a circuitous manner.

Eagle Material Handling of Arkansas, Inc. contacted appellee, by telephone, in Kansas City, Missouri. As a result of the telephone conversation appellee mailed certain pamphlets to the appellant showing the various types of paper shredders which were available. Appellant took this material to Blue Cross which ultimately selected the machine in question. Appellant then issued its purchase order to the appellee who in turn issued its purchase order to the manufacturer. Appellee instructed the manufacturer to ship the machine to Blue Cross, to bill the appellant for the machine, and to remit appellee's commission of $366 directly to them. The instructions were followed. The only question presented to this court is whether Acme Dock Specialists, Inc., appellee, was subject to the jurisdiction of the court pursuant to Ark. Stat. Ann. § 27-2502, commonly called the long-arm statute. The pertinent parts of this statute are:

\* \* \*

C. Personal jurisdiction based upon conduct.

1. A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a (cause of action) (claim for relief) arising from the person's

(a) transacting any business in this State;

(b) contracting to supply services or things in this State;

(c) causing tortious injury by an act or omission in this State;

(d) causing tortious injury in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct in this State or derives substantial revenue from goods consumed or services used in this State;

\* \* \*

It is obvious that appellee was not transacting any business in this state. It had not been in the state nor did it have an agent in the state. In fact, there is no evidence that appellee even solicited business in the state of Arkansas. The one isolated incident here in question resulted from a contract made by an Arkansas corporation to the appellee. After a careful examination of statutory and case law, we have not located a case which holds that a person submits to personal jurisdiction unless they at least did some business or some act or transaction within the confines of the state of Arkansas. Even a single contractual obligation might bring a person within the statute under the proper circumstances. *Shannon* v. *Fidelity National Bank*, 259 Ark. 186, 531 S.W. 2d 958 (1976).

We cannot say that the trial court's decision was clearly erroneous. In fact, we have been unable to find any evidence to support the appellant's position in this case.

Affirmed.