Lucille Beard COTTRELL, Pearl Beard Crawford,
and Virginia Beard Abbott *v.* Pauline BEARD;
Jimmy Beard and Thelma Beard, Husband and Wife; and Bob
Launius and Letitia Launius, Husband and Wife

CA 99-731                                              9 S.W.3d 568

Court of Appeals of Arkansas
Division III
Opinion delivered February 2, 2000

*Tim A. Womack, P.A.*, by: *Michael W. Frey*, for appellants.

*Phillip J. Foster*, for appellees.

JOHN B. ROBBINS, Chief Judge. This is an appeal from a decision denying appellants' attempt to enforce a reservation to repurchase an interest in land set forth in a 1961 deed. We affirm the chancellor's decision on the basis that the reservation is inapplicable to the situation before us.

On September 16, 1961, appellants, Lucille Beard Cottrell, Pearl Beard Crawford, and Virginia Beard Abbott, along with their five cotenants, conveyed their individual undivided 1/16 interests in land in Ouachita County to their cotenants and siblings, Ola Beard Meadows and John Carroll Beard. This deed contained the following language: "also reserving the right of opportunity to purchase said lands in case Grantees desire to sell the same at and for the best price of any bona fide offer." Appellants are the surviving grantors to that deed. Between 1967 and 1976, Ola and John Carroll conveyed several portions of the property to third parties without objection by appellants.

In April 1990, Ola, who owned an undivided 9/16 interest in the property prior to the September 1961 deed, but a 12/16 interest thereafter, conveyed all of her interest to John Carroll and his wife, appellee Pauline Beard. This deed was filed in April 1993. In June 1991, John Carroll and Pauline executed a deed to themselves to

create an estate by the entirety. On July 25, 1992, John Carroll and Pauline deeded six acres to appellees Bob and Letitia Launius. This deed was recorded on October 14, 1992. It is undisputed that this conveyance was a gift, that the Launiuses gave no consideration for the deed, and that appellants did not have actual notice of the transaction before it occurred. John Carroll and Pauline gave appellees Jimmy Beard and Thelma Beard a deed to 5.6 acres on July 12, 1993, without receiving any consideration and without giving actual notice to appellants. This deed was recorded on July 14, 1993. Ola and John Carroll died before this action was filed.

In 1994, appellant Lucille Cottrell, Pete Brazeale, and Bob Abbott initiated this action against Pauline, arguing that the deed from Ola to John Carroll and Pauline violated their right of first refusal set forth in the 1961 deed. In an amended complaint, Mr. Brazeale and Mr. Abbott were deleted as plaintiffs, appellants Pearl Beard Crawford and Virginia Beard Abbott were added as plaintiffs, and the Launiuses and the Beards were joined as defendants. Appellants also attacked the deeds to the Launiuses and the Beards and argued that they were entitled to enforce their right of first refusal. They contended that they should be declared the lawful owners of the property upon payment of the same consideration (nothing) given by the Beards and the Launiues. In the alternative, they asked the chancellor to cancel the deeds.

In a letter opinion dated December 31, 1998, the chancellor cited *Broach v. City of Hampton,* 283 Ark. 496, 677 S.W.2d 851 (1984), and stated that, because the reservation of a right to repurchase is limited to the lives of the grantees, appellants had waited too long to enforce it. He also made the following findings:

> Additionally, the Court declines to acknowledge the unilateral reservation of the right to repurchase as being viable. The six grantors in that certain deed of September 16, 1961, owned an undivided 1/16th, each, interest in the property they were conveying to the grantees. The Plaintiffs in this action collectively owned an undivided 3/16th interest in the property in issue. They argue that they should be able to effect a reversion to them of their undivided fractional share in the property, which is now vested in the Defendant, Pauline Beard. This, I submit to you, is an unreasonable restraint on alienation and is against public policy. For this additional reason, Plaintiffs' complaint and amended complaint should be denied and dismissed.

Throughout the briefing and pleading in this case, the parties erroneously refer to the reservation set forth in the deed of September 16, 1961 as an "option." It is not an option to repurchase. It is a reservation of the right to repurchase. The grantees in that deed never formally acknowledged the reservation as an option.

The chancellor found that Ola's deed to John Carroll and Pauline was a gift and noted that the parties had stipulated that the deeds to the Launiuses and Beards were given as gifts and without consideration. He then stated: "Thus, they do not meet the criteria for the reservation Plaintiffs assert, as there is not a bona fide offer." He entered an order incorporating these findings and dismissing appellants' complaint on February 22, 1999.

On appeal, appellants argue the following three points: (1) the chancellor erred in finding that the reserved right of first refusal terminated at the death of the grantees; (2) the chancellor erred in finding the reservation to be an unlawful restraint on the alienation of land; and (3) the chancellor erred in holding that the right of first refusal had not been "triggered" because the conveyances were gifts and there had been no bona fide offer. We need not address the first two points because we affirm on the ground that the reservation had no application to the facts of this case.

Appellants agree that all of the conveyances at issue were gifts; further, they have not argued that the chancellor's finding that there was no bona fide offer is clearly erroneous. Instead, they assert that a gift of the property is equal to a sale of it for a fair price. They state that, even though the conveyances were gifts and without consideration, the "decision to transfer the property ... still triggered the appellants' preemptive rights." In response, appellees correctly point out that appellants have cited no case or other authority that supports this assertion. Appellants also argue that, if the chancellor's decision is affirmed, "the grantee in an instrument containing preemptive rights can circumvent such rights immediately after acquiring the property. The grantee need merely use a straw man."

■■ The right on which appellants rely was created by reservation in the 1961 deed. A reservation is a clause in a deed whereby the grantor reserves some new thing to himself, issuing out of the thing granted which was not *in esse* before. *Wallner v. Johnson*, 21 Ark. App. 124, 730 S.W.2d 253 (1987). The right reserved in the deed in question is not strictly an option, as the chancellor noted; it

is usually referred to as a preemptive right or a right of first refusal. *Estate of Johnson v. Carr*, 288 Ark. 461, 706 S.W.2d 388 (1986). This right is based on a condition precedent and ordinarily promises that, before offering the property for sale or accepting an offer from another, the owner will first offer the property to the holder of the right at the offered price or at some predetermined price. *Id.* The chancellor's finding as to whether the necessary condition precedent has occurred will not be reversed on appeal unless it is clearly erroneous. *Id.*

■■ When the court is called upon to construe a deed, we will examine it from its four corners for the purpose of ascertaining the parties' intent from the language employed and will not resort to rules of construction when the deed is clear and contains no ambiguities. *See Gibson v. Pickett*, 256 Ark. 1035, 512 S.W.2d 532 (1974); *Winningham v. Harris*, 64 Ark. App. 239, 981 S.W.2d 540 (1998). A reservation will be given effect according to the plain meaning and intent of the language used and cannot be extended beyond its terms. 26 C.J.S. *Deeds* § 140(1) (1956).

■■ We simply cannot agree with appellants' contention that the reservation in question, which applies only if the grantees wish to sell the property, can reasonably be read as applying to a gift. A sale is a contract by which one party transfers the ownership of property to another for a price. *Black's Law Dictionary* 1337 (7th ed. 1999). A gift is a voluntary transfer of property, without valuable consideration, to another. *Davis v. Jackson*, 232 Ark. 953, 341 S.W.2d 762 (1961). Therefore, this reservation unambiguously fails to provide appellants with a right of first refusal in the context of a gift. Accordingly, we affirm the chancellor's decision on this basis.

As to appellants' argument that a grantor's rights under these circumstances can be easily thwarted by the grantee simply conveying to a straw man, we note that there is no evidence here that appellees were mere straw persons through whom title was to pass on to someone else for consideration. Furthermore, we are confident that, in a case where there is some evidence of this, it would be a matter for the trial court to look through the form of a transaction to determine whether a purported gift is in fact a gift or a subterfuge to conceal a sale.

Affirmed.

ROGERS and MEADS, JJ., agree.