FOREMAN SCHOOL DISTRICT NO. 25 *v.* Leo Pat STEELE

01-543                                                    61 S.W.3d 801

Supreme Court of Arkansas
Opinion delivered December 6, 2001

194

*Lavender & Barnette, PLC*, by: *Shannon Tuckett* and *G. William Lavender*, for appellant.

*John W. Walker, P.A.*, for appellee.

JIM HANNAH, Justice. Appellant Foreman School District No. 25 (the District) appeals the Little River County Circuit Court's summary judgment in favor of Appellee Leo Pat Steele in a breach of contract claim where the District failed to pay Steele for a year's employment after improperly attempting to nonrenew his

contract. This case calls for the interpretation of the 1994 version of the Arkansas Teacher Fair Dismissal Act ("TFDA").

In 1993, the District hired Steele to be the high school principal for the 1993-1994 school year. His one-year contract began on July 1, 1993, at an annual rate of $40,000. Because Steele was a first-year employee, he was a "probationary teacher" as defined by the Arkansas Teacher Fair Dismissal Act ("TFDA").

On March 22, 1994, Foreman School District Superintendent Sam Pickle mailed Steele a notice that Pickle was going to recommend nonrenewal of Steele's contract for the 1994-1995 school year, citing various management and disciplinary problems Pickle saw in Steele's operation of the high school. Steele received the notice on or about March 24, 1994.

On April 21, 1994, Steele hand-delivered a response letter to the school board president requesting a hearing on Pickle's recommendation. Steele indicated in his letter that he had requested information regarding Pickle's grounds for his decision not to recommend renewal of his contract, and noted that he had not received the information at that time. He further requested five days from the time he received that information until a hearing to get prepared.

Pursuant to the terms of the TFDA, the school board was required to hold a hearing within ten days, but no sooner than five days, from Steele's request for a hearing. The parties did not agree to postpone the hearing beyond the ten-day period, and the hearing was not scheduled or held before May 2, 1994, the tenth day after Steele's request for a hearing. In fact, a hearing was not held until May 6, 1994. At the hearing, Steele objected to the hearing being held outside the ten-day period, noting that the school board's failure resulted in an automatic renewal of his contract for the 1994-1995 school year. The board disagreed, and then acted upon Pickle's recommendation not to renew Steele's contract. The school board hired a new principal for the 1994-1995 school year.

Steele filed a complaint in federal court two years and nine months later alleging that his contract was not renewed because he supported a black counselor who had been terminated by the school district. He also alleged that his nonrenewal violated the terms of the TFDA. A jury trial was held on the discrimination issue, after which the jury returned a verdict in favor of the school

district. The federal district court, however, dismissed without prejudice Steele's TFDA issues and gave Steele thirty days to file that claim in state court.

Within thirty days, Steele filed a complaint in state court on October 7, 1998. Steele alleged in his complaint that the school breached the employment contract that was renewed when the District improperly proceeded on his nonrenewal hearing. Specifically, Steele noted that the District did not strictly comply with the TFDA, which requires that a hearing be held within ten days of his request for that hearing, thus causing the nonrenewal action to be void.

The District filed its answer on November 9, 1998. The District then filed a motion for summary judgment on January 27, 1999, arguing that Steele, as a probationary teacher, could not appeal the school board's decision of nonrenewal, that the circuit court did not have jurisdiction to hear an appeal from a school board's decision of nonrenewal, that even if Steele could appeal his action was barred under the seventy-five-day limitations period under the TFDA, and that he has no breach of contract claim because no contract existed. Steele responded to the District's motion for summary judgment and filed a cross-motion for summary judgment on February 22, 1999. Steele argued in his motion that the District was required to strictly comply with the TFDA in order to nonrenew his contract, and the District's failure to strictly comply with the Act's terms rendered the District's attempts to nonrenew his contract void. As such, his contract was automatically renewed under the terms of the TFDA, and the District's resulting failure to pay Steele's salary was a breach of his employment contract. The District replied on August 25, 1999.

A hearing was held on these motions on September 7, 1999, and the trial court entered its order on January 12, 2000. The court found that Steele's claim was based on the theory of breach of contract because the school board's attempt to nonrenew Steele's contract did not strictly comply with the terms of the TFDA, thus rendering the nonrenewal attempt void. As such, Steele's contract was automatically renewed, and the District then failed to honor that contract.

The District moved for reconsideration on March 30, 2000, and Steele responded to that motion on April 18, 2000. A hearing was held on April 18, 2000, on the issue of damages. The District also filed a posttrial brief on April 28, 2000, contending that the

trial court's decision that Steele was entitled to his $40,000 salary was in error because Steele did nothing to mitigate his damages. On October 11, 2000, the trial court issued a letter opinion, and on October 18, 2000, a final judgment, finding that the District owed Steele his contract salary of $40,000 reduced by $5,486 as the amount of wages earned by Steele as mitigation. The District filed its notice of appeal on November 17, 2000, from the final judgment issued on October 18, 2000.

■■ This matter is here as an appeal from summary judgment. It is well settled that summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Wallace v. Broyles*, 331 Ark. 58, 66, 961 S.W.2d 712 (1998) (quoting *Angle v. Alexander*, 328 Ark. 714, 945 S.W.2d 933 (1997)); *Pugh v. Griggs*, 327 Ark. 577, 824 S.W.2d 387 (1992). Once the moving party has established a *prima facie* entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* As we further explained in *Wallace*, we will not engage in a "sufficiency of the evidence" determination. We have ceased referring to summary judgment as a drastic remedy. We now regard it simply as one of the tools in a trial court's efficiency arsenal; however, we only approve the granting of the motion when the state of the evidence as portrayed by the pleadings, affidavits, discovery responses, and admission on file is such that the nonmoving party is not entitled to a day in court, *i.e.*, when there is not any genuine remaining issue of fact and the moving party is entitled to judgment as a matter of law. *Id.*; *Flentje v. First National Bank of Wynne*, 340 Ark. 563, 11 S.W.3d 531 (2000).

On appeal, the District again raises its arguments from its motion for summary judgment. Specifically, the District argues that Steele, as a probationary teacher, could not appeal the school board's decision of nonrenewal, that the circuit court did not have jurisdiction to hear an appeal from a school board's decision of nonrenewal, that even if Steele could appeal his action was barred under the seventy-five-day limitations period under the TFDA, and that he has no breach of contract claim because no contract existed. Steele responds that he is not litigating the "nonrenewal" of his contract because that action, being void, never took effect. Rather, Steele notes that he is litigating a breach of his contract because the contract was automatically renewed. Steele notes that the standard of compliance is strict compliance, and that the District did not strictly comply with the Act. Therefore, what was before the circuit

court and what is before this court is a simple breach of contract claim. Furthermore, Steele notes that his complaint was not barred by the seventy-five-day limitation because he was a probationary teacher, not a nonprobationary teacher. Therefore, he is only bound by the five-year statute of limitation for breach of a written contract.

The TFDA, codified at Ark. Code Ann. §§ 6-17-1501—6-17-1510 (Repl. 1993), has been the subject of several changes over the last few years. However, because the acts that give rise to this case took place in 1994, that version of the TFDA applies. In the 1994 version of the TFDA, Steele was a "probationary teacher," which is defined in section 6-17-1502(a)(2) as:

> (2) "Probationary teacher" means a teacher who has not completed three (3) successive years of employment in the school district in which the teacher is currently employed.

In section 6-17-1503, the General Assembly laid out the construction of the statutory scheme, noting that:

> This subchapter is not a teacher tenure law in that it does not confer lifetime appointment nor prevent discharge of teachers for any cause which is not arbitrary, capricious, or discretionary. *A nonrenewal*, termination, suspension, or other disciplinary action by a school district *shall be void* unless the school district strictly *complies with all provisions* of this subchapter and the school district's applicable personnel policies.

(Emphasis added.) Furthermore, section 6-17-1506 notes that a teacher's contract can be renewed automatically "unless by May 1 of the contract year, the teacher is notified by the school superintendent that the superintendent is recommending that the teacher's contract not be renewed. . . ." Finally, if a teacher has been notified that his contract will not be renewed, that teacher can file a written request for a hearing with the school board. Ark. Code Ann. § 6-17-1509(a). Upon receipt of that request, the school board must grant a hearing no sooner than five days nor more than ten days after the request has been served, unless the teacher and board mutually agree in writing to postpone the hearing to a later date. Ark. Code Ann. § 6-17-1509(c)(1).

Our case law has interpreted these statutory provisions in several cases. In certain cases prior to 1989, we held that substantial compliance with the notice requirements sufficed. *See, e. g., Murray*

*v. Altheimer-Sherrill Pub. Sch.*, 294 Ark. 403, 743 S.W.2d 789 (1988); *Lee v. Big Flat Pub. Sch.*, 280 Ark. 377, 658 S.W.2d 389 (1983). However, in 1989 the General Assembly enacted Act 625 which amended the TFDA and added this sentence to Ark. Code Ann. 6-17-1503:

> A nonrenewal, termination, suspension, or other disciplinary action by a school district shall be void unless the school district *strictly complies* with all provisions of this subchapter and the school district's applicable personnel policies.

(Emphasis added.)

■ Under the TFDA, nonrenewal of a contract is void unless procedures are strictly followed. Ark. Code Ann. § 6-17-1503; *Western Grove School Dist. v. Terry*, 318 Ark. 316, 885 S.W.2d 300 (1994).[1] Strict compliance can be waived, however, by express agreement in writing between the teacher and the school board. *Lester v. Mount Vernon-Enola School Dist.*, 323 Ark. 728, 917 S.W.2d 540 (1996).

■■ Based on these statutes and cases, it is clear that the District's attempts to nonrenew Steele's contract are void because the District did not strictly comply with the TFDA. Specifically, the District's failure to hold a hearing within ten days of Steele's written request for a hearing render the District's actions void. While the District briefly argues that Steele waived his right to a hearing within the required time by requesting that he have five days in advance of the hearing to prepare with documents he had not received, this request does not meet the statutory requirement that a hearing delay be expressly agreed upon in writing by the teacher and the school board. The TFDA requires that if a hearing is to be postponed to a later date, the teacher and board must agree "in writing" to such a postponement, presumably so this exact issue will not arise. *See* Ark. Code Ann. § 6-17-1509(c)(1). Steele's request does not qualify as a "waiver" of the ten-day requirement because the school board could have still complied with this request within the ten day period required by the statute. It merely failed to do so. Furthermore, we have discussed "waiver" in the context of a TFDA case in *Lester, supra,* and stated:

---

[1] The Arkansas General Assembly amended Ark. Code Ann. § 6-17-1503 in Act 1739 of 2001 to require only "substantial compliance" with the TFDA.

In every case of which we are aware, we have held that a waiver of a right requires knowledge of that right on the part of the party alleged to have waived it. In *Bethell v. Bethell*, 268 Ark. 409, 597 S.W.2d 576 (1980), we quoted from *Continental Ins. Cos. v. Stanley*, 263 Ark. 638, 569 S.W.2d 653 (1978), our standard statement on the subject as follows:

> Waiver is the voluntary abandonment or surrender by a capable person of a right known by him to exist, with the intent that he shall forever be deprived of its benefits. It may occur when one, with full knowledge of material facts, does something which is inconsistent with the right or his intention to rely on that right. . . . The relinquishment of the right must be intentional. . . .

■ That case involved waiver of the right to alimony by failure to request it. Other cases in which we have uttered the same or similar language in various contexts include *Ingram v. Wirt*, 314 Ark. 553, 864 S.W.2d 237 (1993); *Worth v. Civil Service Comm'n*, 294 Ark. 643, 746 S.W.2d 346 (1988); and *Mobley v. Estate of Parker*, 278 Ark. 37, 642 S.W.2d 883 (1982).

> While there is evidence that Mr. Lester knew of some, if not most, of his rights under the Act, we have carefully combed the record for any evidence that he was aware of his right to have the hearing no fewer than five days after his request. We found no such evidence.

*Lester*, 323 Ark. at 732. In this case, there is no evidence that Steele knew of his ability to waive the right to a hearing within ten days and that his letter asking for five days from the receipt of his requested information, which he had been waiting on for up to a month, was any attempt to ask for a continuance. The District could have complied with his request within time to still hold a hearing within ten days. This the District did not do. Therefore, the District's waiver argument is meritless because of the lack of a mutual agreement in writing to delay the hearing.[2]

Because the District's waiver argument fails, the District's failure to strictly comply with the TFDA by not holding a timely hearing rendered its attempts to nonrenew Steele's contract void.

---

[2] The argument that the trial court made an impermissible finding of fact on waiver in its summary judgment was not raised by the District and is not before us.

*See Western Grove School Dist., supra.* In *Western Grove School District,* this court held that that school district's attempts to "reassign" a teacher at a different position at lower wages was actually a nonrenewal. Therefore, because the school district did not follow the notice requirements necessary for effectuating a nonrenewal, the entire attempted action by the school district was void, and the teacher was reinstated into the position under the terms of the original contract because it was automatically renewed. *Id.*

█ Here, because the attempted nonrenewal did not strictly comply with the terms of the TFDA, the action became void, and on May 1, 1994, Steele's contract was automatically renewed under the terms of his original contract. At that point, the District could have instituted suspension or termination proceedings, but it did not. As such, Steele was a contracted probationary teacher for the 1994-1995 school year.

█ The District alleges that this action is controlled by the TFDA, which does not allow an outside breach-of-contract claim.[3] However, the District's failure to strictly comply with the TFDA's terms rendered the District's actions void, and takes this lawsuit outside the confines of the TFDA. This is not an appeal from the decision for nonrenewal, which would require us to consider the viability of an appeal by a probationary teacher. Rather, the resulting breach became an original cause of action properly filed in circuit court.

█ █ Because the attempted nonrenewal was void and Steele was under a new, identical contract for the 1994-1995 school year, the District breached Steele's contract by failing to reinstate him or pay him his salary. "A person may be liable for breach of contract if the complaining party can prove the existence of an agreement, breach of the agreement, and resulting damages." *Ultracuts Ltd. v. Wal-Mart Stores, Inc.,* 343 Ark. 224, 231-232, 33 S.W.3d 128 (2000); *Sexton Law Firm, P.A. v. Milligan,* 329 Ark. 285, 298, 948 S.W.2d 388, 395 (1997); *Rabalais v. Barnett,* 284 Ark. 527,

---

[3] The 1994 and current version of the TFDA do not address appeals from a school board's decision involving a probationary teacher, only those regarding the dismissal of a nonprobationary teacher, who does have the right to appeal the school board's decision. However, this court has decided the issue of an appeal by a probationary teacher in a nonrenewal case in *McGee v. Armorel Public Schools,* 309 Ark. 59, 64, 827 S.W.2d 137 (1992), in which this court stated, "As a probationary teacher, McGee does not have a statutory right to appeal to circuit court the school board's decision of nonrenewal of his contract." However, the distinction here is that Steele is not appealing the decision of nonrenewal, but is instead pursuing his common-law breach-of-contract claim.

683 S.W.2d 919 (1985). Breach of a written instrument or contract is controlled by a five-year statute of limitations. *See* Ark. Code Ann. § 16-56-111 (Supp. 2001). Here, because the contract was automatically renewed by statute, there is no doubt that a contract existed. And failure by the District to comply with a term of the contract, i.e., paying Steele's salary, clearly became a breach of that contract. Certainly, although Steele waited over four years to file the state-court action, he was still within his five-year time limit to file a breach-of-contract claim. As such, we find that the trial court did not err in granting summary judgment in favor of Steele.

Affirmed.

IMBER, J., not participating.

R.N. *v.* J.M. and B.M.

01-174                                              61 S.W.3d 149

Supreme Court of Arkansas
Opinion delivered December 6, 2001
[Petition for rehearing denied January 10, 2002.]

