2010 Ark. App. 276

**DELTIC TIMBER CORPORATION,**
Appellant

v.

**Kathy Sue NEWLAND and Danny Newland, her husband, Karen Ann Newland and Randy Newland, her husband, and Lisa Kay Dillard, Appellees.**

No. CA 09–810.

Court of Appeals of Arkansas.

March 31, 2010.

Jerry Lee Canfield, Thomas Daily, Dunn, Nutter & Morgan, Fort Smith, James L. Cook, Texarkana, for appellant.

Melvin E. Morgan, Morgan Law Firm, P.A., Clinton, for appellees.

M. MICHAEL KINARD, Judge.

Deltic Timber Corporation appeals from the circuit court's order granting summary judgment in favor of the appellees in their claim to an interest in minerals located in Conway County. Because we conclude that summary judgment was not appropriate, we reverse and remand this case to the circuit court.

In December 1983, David L. Baker and Carolyn M. Baker executed a warranty deed conveying the surface and an undivided five-eighths interest in the oil, gas, and minerals of approximately 500 acres of real property located in Conway County to William P. Batson and Garna Sue Batson (Baker–Batson deed). The Baker–Batson deed reserved in the Bakers a three-eighths interest in the mineral rights to the land for a period of twenty years, after which that interest "shall revert to grantees herein." The deed was recorded on December 29, 1983, in Conway County.

In April 1984, the Batsons conveyed the 500 acres to Deltic Farm & Timber Company by warranty deed (Batson–Deltic deed). In the granting clause, the Batson–Deltic deed gives the legal description for the approximately 500 acres, followed by the language: "Excepting all prior, valid reservations and/or conveyances of record of oil, gas, and other minerals in and under the subject land." The effect, if any, of this language is the issue in this appeal; we are asked to determine whether the Batson–Deltic deed conveyed all of the Batsons' interest in the subject property or excepted the three-eighths mineral interest, which could then be conveyed to appellees. Appellees, daughters of the Batsons and their husbands, contend that they own the three-eighths interest in the minerals by virtue of a warranty mineral deed dated October 30, 1984, in which the Batsons conveyed (or attempted to convey) to their daughters "unto each an undivided one-third interest, as tenants in common, and unto their heirs and assigns forever, our interest and all of our undivided 3/8 interest which shall revert to us in the year 2003, in and to all oil, gas and other minerals lying in, on or under" the property at issue. In this mineral deed, the

Batsons "covenant[ed] with said Grantees that they will forever warrant and defend the title to said land against all lawful claims whatever."

Appellant contends that it owns all of the 500 acres, including the three-eighths mineral interest at issue, by virtue of the Batson–Deltic deed. Appellant reasons that the mineral deed from the Batsons to appellees was ineffective because the Batsons had already conveyed the three-eighths interest in the oil, gas, and other minerals to appellant in the |₃Batson–Deltic deed, subject only to the twenty-year term previously reserved by the Bakers in the Baker–Batson deed.

### Procedural history

Appellees filed a complaint in Conway County Circuit Court on August 7, 2008, seeking a declaratory judgment declaring them the owners of the three-eighths mineral interest at issue in this appeal. Appellant answered, joining the issues, and prayed for an order finding them[1] to be the owners of the three-eighths mineral interest. Appellees filed a motion for summary judgment, and appellant filed a cross-motion for summary judgment. In an order filed March 4, 2009, the circuit court granted appellees' motion for summary judgment, which held that appellees were the owners of the three-eighths mineral interest at issue. Two days earlier, on March 2, 2009, appellant had filed a motion for reconsideration, additional findings of fact and conclusions of law, and a new trial. A motion made before entry of judgment shall become effective and be treated as filed on the day after the judgment is entered. Ark. R. Civ. P. 52(b)(1), 59(b) (2009). Therefore, appellant's motions for a new trial and for reconsidera-

tion are treated as though they were filed on March 5, 2009, and they were deemed denied thirty days later. *See Upton v. Estate of Upton,* 308 Ark. 677, 828 S.W.2d 827 (1992). Therefore, appellant's notice of appeal filed April 29, 2009, was timely.

### |₄*Standard of review*

Summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *Watkins v. Southern Farm Bureau Cas. Ins. Co.,* 2009 Ark. App. 693, 370 S.W.3d 848. On appellate review, we must determine whether summary judgment was proper based on whether the evidence presented by the moving party left a material fact unanswered. *Id.* Here, the parties filed cross-motions for summary judgment, which would tend to indicate that they agreed there were no issues of material fact in dispute. When, on cross-motions for summary judgment, the parties proceed under the same legal theory and the same material facts, summary judgment is appropriate. *See Cranfill v. Union Planters Bank, N.A.,* 86 Ark.App. 1, 158 S.W.3d 703 (2004). In such a case, the appellate court simply determines whether the appellee was entitled to judgment as a matter of law. *National Park Med. Ctr., Inc. v. Arkansas Dep't of Human Servs.,* 322 Ark. 595, 599, 911 S.W.2d 250, 253 (1995) (citing *City of Little Rock v. Pfeifer,* 318 Ark. 679, 887 S.W.2d 296 (1994)). Here, it is impossible to say that either party is entitled to judgment as a matter of law because the operative language in the Batson–Deltic deed is ambiguous. As explained below, further factual development

---

1. Griffith Land Services, Inc., is named a defendant in this case, but it did not file a notice of appeal.

is necessary, and summary judgment was thus premature.

*Arguments and discussion*

Appellant contends that (1) the three-eighths mineral interest was divided into a twenty-year term interest and a reversionary interest; (2) in reviewing the language of the Batson–Deltic deed, it cannot be reasonably concluded that a present reversionary right in mineral interests was being reserved or excepted; (3) if the challenged language in the Batson–Deltic deed was intended as a reservation or exception of a reversionary right of mineral interests, the reservation or exception fails for lack of certainty; and (4) the trial court's reliance on *Bodcaw Lumber Co. v. Goode*, 160 Ark. 48, 254 S.W. 345 (1923), is inapposite. First, we agree with appellant that *Bodcaw* is not particularly helpful in this case. While the holding of our supreme court in that case was that mineral rights are subject to separation from the surface rights so as to be the subject of a separate sale, the circuit court cites *Bodcaw* for its statement that, where a reservation or exception clause is found in the granting clause of a deed, it is to be "read in connection with the grant as a limitation thereon, rather than as being in conflict with it." While this is applicable insofar as it goes, the real issue in this case is the effect, if any, of the exception clause in the Batson–Deltic deed. *Bodcaw* does not provide guidance on this point.

Appellant contends that the Baker–Batson deed created a three-eighths mineral interest that was divided into a twenty-year term interest and a reversionary interest. Appellant is correct that the Baker–Batson deed reserved three-eighths of the property's mineral interest in the Bakers for a period of twenty years. A reservation is a clause in a deed whereby the grantor reserves some new thing to himself, issuing out of the thing granted which was not *in esse* before. *Cottrell v. Beard*, 69 Ark.App. 87, 9 S.W.3d 568 (2000). Here, that "new thing" was a twenty-year term interest in three-eighths of the minerals in the subject property.[2] As our supreme court recognized in *Bodcaw, supra,* mineral rights are subject to separation from the surface rights so as to be the subject of separate sale. 160 Ark. at 59, 254 S.W. at 348. The twenty-year reservation held by the Bakers was a term interest, after which time the three-eighths mineral interest would go to the grantees (the Batsons) under the provisions of the warranty deed.

We cannot agree, however, that the Batsons' three-eighths mineral interest was a reversionary interest. *Wilson v. Pharris*, 203 Ark. 614, 158 S.W.2d 274 (1941), discusses the distinction between a reversion and a remainder:

A remainder is an estate limited to take effect in possession immediately after the expiration of a prior estate created at the same time and by the same instrument.

A "[r]eversion" is defined ... [a]s the residue of an estate *left in the grantor,* to commence in possession after the determination of some particular estate granted out by him.... Unlike a remainder, which must be created by deed or devise, a reversion arises only by operation of law.

(Emphasis added; citations omitted.) Thus, despite the Baker–Batson deed's

---

2. Our supreme court has acknowledged that while the terms "exception" and "reservation" have distinct meanings, because they "tend to be used interchangeably they are not treated as conclusive as to the nature of the provision, but must yield to manifest intent." *Nature Conservancy v. Kolb,* 313 Ark. 110, 120, 853 S.W.2d 864, 870 (1993).

statement that the three-eighths interest would "revert" to the grantees (the Batsons) after twenty years, the Batsons' interest in the three-eighths was in fact a remainder and would belong to the grantees (the Batsons) in fee thereafter. This remainder interest was not a contingent remainder, as appellees contend, because there was no contingency upon which the remainder was premised. A remainder that is dependent upon a contingency that may or may not arise or that is granted to a person not in existence and who may not come into existence is contingent. *Rushing v. Mann*, 322 Ark. 528, 910 S.W.2d 672 (1995). After the passage of twenty years, the Batsons' remainder interest in the three-eighths mineral rights would no longer be subject to the Bakers' possessory interest. There was no condition, and therefore the remainder was vested in the remaindermen, *i.e.*, the grantees. Upon execution of the Baker–Batson deed, the Bakers continued to own a possessory interest in three-eighths of the oil, gas, and other minerals in the 500 acres of land, but only for a term of twenty years; the Batsons owned the surface, five-eighths of the mineral interests in the property, and a vested remainder consisting of three-eighths of the mineral interests, which would become possessory in 2003. A vested remainder can be transferred by deed, by will, or by inheritance, even though the right of possession may not accrue until some time in the future. *Dickerson v. Union Nat'l Bank of Little Rock*, 268 Ark. 292, 595 S.W.2d 677 (1980).

*Interpretation of the Batson–Deltic deed*

Now that we have defined the respective interests transferred by the Baker–Batson deed, we turn to the Batson–Deltic deed to determine what interest the Batsons conveyed to appellant by virtue of the warranty deed dated April 24, 1984. When interpreting a deed, the court gives primary consideration to the intent of the grantor. *Bishop v. City of Fayetteville*, 81 Ark.App. 1, 97 S.W.3d 913 (2003). When the court is called upon to construe a deed, it will examine the deed from its four corners for the purpose of ascertaining that intent from the language employed. *Id.* The court will not resort to rules of construction when a deed is clear and contains no ambiguities, but only when the language of the deed is ambiguous, uncertain, or doubtful. *Id.* When a deed is ambiguous, the court must put itself as nearly as possible in the position of the parties to the deed, particularly the grantor, and interpret the language in the light of attendant circumstances. *Id.*

The initial determination of the existence of an ambiguity rests with the court, and if ambiguity exists, then parol evidence is admissible and the meaning of the term becomes a question for the factfinder. *C. & A. Constr. Co., Inc. v. Benning Constr. Co.*, 256 Ark. 621, 622, 509 S.W.2d 302, 303 (1974). Language is ambiguous if there is doubt or uncertainty as to its meaning and it is fairly susceptible to more than one equally reasonable interpretation. *Magic Touch Corp. v. Hicks*, 99 Ark.App. 334, 260 S.W.3d 322 (2007). We hold that the Batson–Deltic deed is ambiguous. The Batsons clearly intended to retain some interest, as there is no other reason to include an "excepting" clause, but what they wanted to retain is unclear from the face of the deed. If one follows the "excepting" clause to its ultimate conclusion, the deed excepted the five-eighths mineral interest, the three-eighths mineral interest, and even the surface because all were "prior, valid conveyances." By not distinguishing between the five-eighths mineral interest and the three-eighths mineral interest, the deed leaves us with serious doubt about what exception is created. Once again the use of "and/or"

serves to confuse, not clarify the task of construing the document at hand. *See Heath v. Westark Poultry Processing Corp.*, 259 Ark. 141, 531 S.W.2d 953 (1976) ("The phrase 'and/or' has brought more confusion than clarity to the task of construction of statutes, contracts and pleadings."); *Boren v. Qualls*, 284 Ark. 65, 680 S.W.2d 82 (1984) (calling "and/or" an imprecise term and noting that it had previously been labeled "a linguistic abomination").

We disagree with appellant's contention that the deed *clearly* excepts only the twenty-year reservation held by the Bakers; we also disagree with appellees' contention that "[i]f the exception in the Batson–Deltic deed was sufficiently clear to include the 20 year term interest, it must also include the reversionary interest springing from the same reservation." We acknowledge appellant's argument that the clause at issue in the Batson–Deltic deed fails for lack of certainty. We fundamentally disagree with appellant, however, that the "excepting" clause should simply fail based on its ambiguity.[3] Nor do we agree with appellees that the general exception language in the deed is sufficiently clear to include the remainder interest created by the Baker–Batson deed.

 Summary judgment was premature in this case because there is clearly a factual dispute as to the intention of the parties. Because we find that the "excepting" clause in the Batson–Deltic deed is ambiguous, the fact-finder can consider extrinsic proof of intent in construing the deed and the court may rely on the rules of construction previously set forth by our supreme court. The determination of the intent of a grantor is largely a factual one. *Winningham v. Harris*, 64 Ark.App. 239, 243, 981 S.W.2d 540, 542 (1998). When issuing its order, the trial court had before it the warranty mineral deed from the Batsons granting their three children "our interest and all our undivided 3/8 interest which shall revert to us in the year 2003, in and to all oil, gas and other minerals lying in, on or under the following lands in Conway County, Arkansas." This presented some evidence, several months after the Batson–Deltic deed was executed, that the Batsons believed they owned the three-eighths mineral interest that appellant now claims.

 We note that, in arriving at the intention of the parties, the courts may consider and accord considerable weight to the construction of an ambiguous contract or deed by the parties themselves, evidenced by subsequent statements, acts, and conduct. *Wynn v. Sklar & Phillips Oil Co.*, 254 Ark. 332, 341, 493 S.W.2d 439, 445 (1973). Courts may also acquaint themselves with and consider circumstances existing at the time of the execution of a contract and the situation of the parties who made it. *Id.* These are precisely the kinds of facts that need further development upon remand because the in-

---

3. The *Duhig* rule, which our supreme court adopted in *Peterson v. Simpson*, 286 Ark. 177, 690 S.W.2d 720 (1985), does not allow for subjective considerations in interpreting deeds. However, the *Duhig* rule does not apply in this case because that rule only applies to disputes between non-original grantors and grantees. Here, the original grantee (Deltic) and children of the original grantors (the Newslands and Dillard) are disputing the interpretation of the Batson–Deltic deed. *See Peterson*, 286 Ark. at 182, 690 S.W.2d at 720 ("Our decision in this case does not change the general rule that subjective considerations may be taken into account in reformation cases involving the original grantor and his immediate grantee."); *Mason v. Buckman*, 2010 Ark.App. 256, 2010 WL 962054 (applying *Duhig* rule in construction of a warranty deed transaction involving "non-original grantor-grantees").

tention of the parties is not apparent without the introduction of extrinsic evidence. Further, as a rule of last resort, an ambiguous deed is construed most strongly against the party who prepared it, *see* *Gibson v. Pickett*, 256 Ark. 1035, 512 S.W.2d 532 (1974), or against the grantor. *Goodwin v. Lofton*, 10 Ark.App. 205, 662 S.W.2d 215 (1984). The circuit court had no evidence before it to determine whether the grantors or the grantee prepared the deed in question, but the identity of the grantors is evident. Whether the circuit court should get to this rule of construction will be dependent on the parol or extrinsic evidence introduced by the parties in an effort to determine the intention of the grantors and grantee.

We reverse the circuit court's order granting summary judgment and remand the case for further proceedings consistent with this opinion.

Reversed and remanded.

GLADWIN and GLOVER, JJ., agree.