Cite as 2023 Ark. App. 164

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-22-14

| | |
|---|---|
| ULANDA DIGBY-BRANCH<br>APPELLANT | Opinion Delivered: March 15, 2023 |
| V. | APPEAL FROM THE CRAIGHEAD<br>COUNTY CIRCUIT COURT,<br>WESTERN DISTRICT |
| WESTSIDE CONSOLIDATED SCHOOL<br>DISTRICT NO. 5; AND SCOTT J.<br>GAUNTT, INDIVIDUALLY, AND IN HIS<br>CAPACITY AS SUPERINTENDENT OF<br>THE WESTSIDE CONSOLIDATED<br>SCHOOL DISTRICT | [NO. 16JCV-20-620]<br><br>HONORABLE MELISSA BRISTOW<br>RICHARDSON, JUDGE |
| APPELLEES | AFFIRMED IN PART; REVERSED AND<br>REMANDED IN PART. |

**MIKE MURPHY, Judge**

Appellant Ulanda Digby-Branch appeals from the Craighead County Circuit Court's judgment in favor of appellees Westside Consolidated School District No. 5 (WCSD) and Scott Gauntt, in his capacity as superintendent of the district. She also appeals from the order dismissing appellee Scott Gauntt in his individual capacity. On appeal, she argues that the court erred in finding that WCSD substantially complied with the Arkansas Teacher Fair Dismissal Act (ATFDA) and in dismissing her breach-of-contract claim. We affirm in part and reverse and remand in part.

Digby-Branch entered into a contract on May 20, 2015, with WCSD to serve as the WCSD high school assistant principal for the 2015–2016 school year. In 2016, Digby-

Branch was moved to serve as an assistant principal in the middle school. She was employed with the district through the 2020 school year. On March 6, 2020, Gauntt hand delivered a letter to Digby-Branch notifying her that he was recommending her contract not be renewed for the following three reasons:

a. The school district has had static enrollment, is facing an increase of salaries for classified staff of over $150,000, is facing an increase of salaries for certified staff to meet the state imposed new minimum salary, has increased expenses for debt service, and is facing a rising increase in teacher retirement payments.

b. Your position of assistant principal at the middle school is not required by Arkansas standards.

c. The district cannot afford to keep you in a position that is not required to be filled.

Branch timely requested a public hearing via certified mail in accordance with the ATFDA. On April 23, a hearing was held in front of the WCSD school board regarding the recommended nonrenewal. Following the hearing, the school board unanimously voted not to renew Digby-Branch's contract. Superintendent Gauntt sent a letter on April 27 on behalf of WSCD, stating that Digby-Branch's contract was not renewed, and her employment with the district would end with the conclusion of the 2019–2020 school year.

Branch then appealed the decision to the circuit court pursuant to the ATFDA and also asserted a breach-of-contract claim. The parties filed cross-motions for summary judgment, and the court heard oral arguments on July 12, 2021. Following the hearing, the court entered a letter opinion and judgment granting the appellees' motion for summary judgment and denying Digby-Branch's motion for summary judgment. Specifically, the court

found that WCSD substantially complied with the ATFDA and did not abuse its discretion in the nonrenewal of Digby-Branch's contract. Further, it found that the suit against Gauntt individually should be dismissed because it is the school board, not the superintendent, who has the authority to exercise unfavorable employment action under Arkansas law. Digby-Branch appealed.

The parties disagree about the appropriate standard of review in the case at bar; under these circumstances, we use the summary-judgment standard of review. *See Foreman Sch. Dist. No. 25 v. Steele*, 347 Ark. 193, 198, 61 S.W.3d 801, 803–04 (2001).

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ark. R. Civ. P. 56(c). When cross-motions are filed, each movant is contending for the purpose of his own motion that there is no material issue of fact in the case, but there is no reason to say as an inflexible rule that he also admits the nonexistence of any factual issue with respect to his adversary's motion. *Wood v. Lathrop*, 249 Ark. 376, 379, 459 S.W.2d 808, 809–10 (1970); *Deltic Timber Corp. v. Newland*, 2010 Ark. App. 276, 374 S.W.3d 261. The fact that both parties have moved for summary judgment does not necessarily establish that there is no issue of fact. *Id.* A party may concede that there is no issue if his legal theory is accepted and yet maintain that there is a genuine dispute as to material facts if his opponent's theory is adopted. *Id.* Both motions should be denied if the court finds that there is actually a genuine issue as to a material fact. *Id.* Here, it is impossible

3

to say that either party is entitled to judgment as a matter of law because the parties are operating under different theories. Digby-Branch asserts the district did not comply with its personnel policies (specifically, the RIF policy), and the district contends the nonrenewal generally complied with the ATFDA. As explained below, further factual development is necessary, and summary judgment was thus premature.

On appeal, Digby-Branch challenges the court's finding that WCSD substantially complied with the ATFDA by focusing her argument on WCSD's failure to follow the reduction-in-force (RIF) policy adopted by the district. She claims that because the elimination of a position is a permanent reduction in the district's workforce, the entire RIF policy should have been applied. She contends the policy was incorporated into her binding contract, and the entire policy must be considered. WCSD maintains that the policy does not apply and that it only used its policy as a guideline to determine seniority between all the employees serving as assistant principals.

Under the ATFDA, "[a] nonrenewal . . . by a school district shall be void unless the school district substantially complies with all provisions of this subchapter and the school district's applicable personnel policies." Ark. Code Ann. § 6-17-1503(c) (Repl. 2021). The board of directors may refuse to renew the contract of any licensed teacher who has been employed continuously by the school district three or more years "when there is a reduction in force created by districtwide reduction in licensed personnel, for incompetent performance, conduct which materially interferes with the continued performance of the teacher's duties, repeated or material neglect of duty, or other just and reasonable cause."

4

Ark. Code Ann. § 6-17-1510(b)(1) (Repl. 2021).[1] It is the public policy of the State of Arkansas that each school district shall have a written policy on reduction in force based upon objective criteria for a layoff and recall of employees. Ark. Code Ann. § 6-17-2407(A) (Repl. 2021). "Reduction in force" (RIF) is not defined in the ATFDA.

The RIF policy incorporated by reference in the employment contract between Digby-Branch and the district states, in part, that

> [i]n the event that reductions in the licensed staff, including administration, becomes necessary due to decreased student enrollment, shortage of revenues or circumstances outside the control of the school district, the Board of Education shall endeavor to accomplish the necessary reductions in an impartial and objective manner. However, the continuation of the quality of the district's educational program shall receive highest priority in these considerations. This RIF policy is not a dismissal policy.

At the school board hearing, made part of the record, Gauntt explained the increasing costs the district was facing and that the overall operating budget shortfall into the next year would be $238,000. He stated that an efficiency report conducted by the State determined that the school district was required to have a principal only at the middle school. With this information, Gauntt looked at the three assistant principals to determine who was the lowest on the seniority scale. Once Gauntt knew that Digby-Branch was in the position that could be eliminated, that she had less seniority than the two other assistant principals, and that her position would save the district $94,000 (the total of her salary and benefits) then he decided to make the recommendation that her contract not be renewed.

---

[1]The record does not clearly provide which reason the board relied on from the statute in reaching its decision of nonrenewal.

Concerning the RIF policy, the court stated in an incorporated letter opinion that it disagreed with Digby-Branch's argument because "Gauntt's decision to consider RIF policies did not convert the rationale underpinning the recommendation to exclusively RIF criteria. The school board has the obligation to substantially comply with its policies and procedures and address the budget shortfall in an objective manner." Essentially, the court found that by referring to the RIF policy language for guidance, it did not convert this general ATFDA nonrenewal to a RIF-specific ATFDA nonrenewal.

It is undisputed that Gauntt considered RIF policy criteria in reaching his recommendation, but on this record, we cannot determine as a matter of law whether considering only certain RIF criteria did not convert the recommendation to exclusively a RIF nonrenewal. The record in its final posture raises more questions than it answers.

Pursuant to Arkansas Code Annotated section 6-17-1503(c), Digby-Branch's nonrenewal is void as a matter of law if the district did not substantially comply with the provisions of the ATFDA *and* the school district's applicable personnel policies. Here, material facts remain regarding whether the district substantially complied with its policies and procedures. Accordingly, we hold that this claim is not appropriate for summary judgment. We must reverse and remand this issue for further proceedings.

Next, Digby-Branch argues that the court erred in finding that Gauntt could not be sued individually. She claims that, acting as chief executive officer, he engaged in illegal conduct when he failed to implement the RIF policy and that he subjectively targeted her. We disagree because the undisputed facts before us indicate that Gauntt was carrying out

6

the requirements of his position. According to the district policies, his duties included, among other things, implementing the policies of the Board; making recommendations to the Board concerning personnel employment, discipline, and termination; and administering the district's budget and regularly reporting to the board on the financial condition of the district.

In accordance with the ATFDA, Gauntt reviewed a budget concern and made a recommendation to the Westside School Board; the school board listened to his presentation and the comments of Digby-Branch and her attorney, deliberated, found the superintendent's reasons true, and upheld his recommendation not to renew her contract for the following year. Only the school board had the power to nonrenew a contract; Gauntt could only make a recommendation. This argument would fail regardless of the outcome of the first issue on remand.

Finally, Digby-Branch claims the court erred in barring her breach-of-contract claim. We disagree. Digby-Branch had been employed with WCSD since 2015, qualifying her as a nonprobationary teacher. There is no common-law cause of action for breach of contract when the ATFDA applies because it is the exclusive remedy. Ark. Code Ann. § 6-17-1510(d)(1). Summary judgment was appropriate for this issue.

Affirmed in part; reversed and remanded in part.

VIRDEN and HIXSON, JJ., agree.

*Branch Tax Law Firm*, by: *Felicia L. Branch*, for appellant.

*Mixon & Worsham PLC*, by: *Donn Mixon*, for appellees.