H. F. BARRACLOUGH and Donna BARRACLOUGH
*v.* ARKANSAS POWER AND LIGHT COMPANY

CA 79-266                                    597 S.W. 2d 861

Court of Appeals of Arkansas
Opinion delivered April 16, 1980
Released for publication May 7, 1980

*Thurman Ragar, Jr.,* for appellants.

*House, Holmes & Jewell,* by: *Robert L. Robinson, Jr.* and *Daryl G. Raney,* for appellee.

DAVID NEWBERN, Judge. The appellants ask us to reverse a summary judgment which ruled against their ejectment claim. They had alleged that the appellee's attempt to replace some wooden transmission poles with a steel tower was not permitted by an instrument which granted to the appellee an easement across their land. On the basis of the instrument creating the easement and verified affidavits submitted by the appellee, the court determined there was no outstanding, material issue of fact. The appellants contend no summary judgment should have been granted and the court erred in its application of the law. The court was correct in granting the judgment to the appellee.

In 1928 the appellants' predecessors in title granted to the appellee an easement:

> . . . to build and maintain over and upon the land hereinafter described 2 double lines of poles upon which

may be strung wires for transmission of electric current, and for the transmission of telegraph and telephone messages, *and for such other uses as may be necessary to the business of Grantee,* its successors or assigns. The rights hereby conferred provide for the privilege and authority to enter upon said land for the purpose of constructing and building said pole line and maintenance thereof, with the right to clear and keep clear a right of way 150 feet wide and all other timber and obstructions that may interfere with the use of said line or that may or might be a hazard to the use of the same, and for the repairing or reconstructing of same at any and all times. [Emphasis added]

According to the affidavit of the appellee's manager of lands and rights-of-way, two power transmission lines had been placed upon the property that now belongs to the appellants. They were placed within the easement sometime after its acquisition in 1928. One was supported by a series of wooden three-pole installations, and the other by a series of "metal tower structures which ran parallel to the wooden three-pole line." It was the appellee's attempt to replace some of the wooden poles with a metal tower which initiated this dispute.

At the appellants' request, a real estate appraiser suggested by the appellants was asked by the appellee to determine if the replacement would in any way diminish the appellants' property. The appraiser, whose affidavit was submitted in support of the summary judgment motion, concluded that, providing the tower lies within the right-of-way, there was "no justification for damages whatever."

*Ark. Stat. Ann.,* § 29-211 (e) (Supp. 1977), which was in effect when this judgment was granted, and A.R. Civ. P. 56 (e), which has superseded the statute, provide in part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts show-

ing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Although it was not necessary that the appellants submit affidavits in opposition to those submitted by the appellee, *Adams* v. *Hudspeth Motors, Inc.,* 266 Ark. 86, 587 S.W. 2d 227 (1979), it was necessary that their response refer to something in the record, such as discovery responses, raising an issue of fact. The appellants have neither abstracted their "memorandum" response to the summary judgment motion nor included it in the record. The only means we have of knowing there was anything filed in opposition to the motion is a mention of the appellants' memorandum in the judgment. There is nothing in the record to indicate any discovery took place. Given this failure on the part of the appellants to show how they opposed the motion or, indeed, that they opposed it at all, we need only decide if a summary judgment was "appropriate," to use the term contained in the statute and the rule.

The question of appropriateness of the summary judgment in this case goes only to whether the evidentiary items presented by the appellee in support of the motion leave a material question of fact unanswered. See, 10 Wright and Miller, *Federal Practice and Procedure,* § 2739, p. 710 (1973).

A summary judgment may be based upon an unambiguous, written instrument. *Brooks* v. *Renner & Co.,* 243 Ark. 226, 419 S.W. 2d 305 (1967). Resolving all doubts in favor of the appellants, no reasonable person could say the easement granted was restricted to poles, as it provided for "such other uses as may be necessary to the business" of the appellee. This conclusion is especially inescapable in view of the unrebutted affidavit showing metal towers, apparently uncomplained of, had been on the property pursuant to the easement.

The appellee, of course, could not, for example, have constructed an enclosed structure covering all of the easement. We interpret the phrase, "necessary to the business," to be restricted to reasonable acts in support of the purpose

for which the easement was obtained. The appellants cite *Craig* v. *O'Bryan,* 227 Ark. 681, 301 S.W. 2d 18 (1957), for the proposition that:

"It is a general rule, when the character of an easement is once fixed, no material alterations can be made in physical conditions which are essential to the proper enjoyment of the easement except by agreement." [227 Ark. at 687].

That language which is quoted in the case from a legal encyclopedia seems to be a restriction on the owner of the servient estate rather than the holder of the easement grant. Perusal of the case makes it clear the language was so used. The following language was also quoted in that case, and we find it applicable here:

"It is a general rule that the owner of an easement of way may prepare, maintain, improve or repair the way in a manner and to an extent reeasonably calculated to promote the purposes for which it was created or acquired, *causing neither an undue burden upon the servient estate nor an unwarranted interference with the rights of common owners or the independent rights of others."* [227 Ark. at 686, Emphasis supplied by the Arkansas Supreme Court.]

In the context of this easement arrangement, the change from poles to tower was not an "undue burden" on the servient estate.

The appellants also contend that when the poles are taken away in preparation for erection of the tower, a partial abandonment occurs, and the appellee should not be allowed to reconstruct. Although we need not even consider this point as it was not raised below, we choose to point out that abandonment of an easement has not been shown in the absence of a showing of an intent to abandon. *Edgar* v. *Stubbs,* 264 Ark. 918, 576 S.W. 2d 200 (1979); *Ark. State Highway Comm'n* v. *Hampton,* 244 Ark. 49, 423 S.W. 2d 567 (1968).

Thus, we conclude that the trial court was correct in granting the summary judgment, and would have been cor-

rect even if we knew for certain the appellants had raised all of these points below.

Affirmed.

JUDGE HAYS did not participate.