Herbert HATFIELD and Maxine HATFIELD *v.*
ARKANSAS WESTERN GAS COMPANY

CA 81-342                                         632 S.W.2d 238

Court of Appeals of Arkansas
Opinion delivered April 28, 1982
[Rehearing denied May 26, 1982.]

*Marshall N. Carlisle* of *Murphy & Carlisle*, for appellants.

*Kathleen D. Burke*, for appellee.

GEORGE K. CRACRAFT, Judge. The appellants, Herbert Hatfield and Maxine Hatfield, bring this appeal from an order of the chancery court finding that the appellee, Arkansas Western Gas Company, had a right-of-way across appellants' property fifteen feet in width for the purpose of laying and maintaining a gas line, directing appellants to cease further construction of a building within the right-of-way and to remove the walls of the partly constructed structure lying within the right-of-way.

The material facts are not seriously disputed. In 1946 the appellants granted a right-of-way to the appellee across "the north side of Lot 8 and part of Lot 1 in Block 14 of the original plat of the Town of Fayetteville, Arkansas," for the purpose of "constructing, maintaining, laying, removing, relaying and operating pipelines and appurtenances thereto across those lots." Lot 1 abuts Lot 8 on the north. The right-of-way deed did not specifically define the width of the easement but did state its purpose. This deed was duly recorded. Shortly after the execution of the grant the appellee placed a pipeline near the north line of Lot 8. At the time of the grant the appellants owned Lot 8 but did not own Lot 1, which they subsequently acquired in 1970. Appellants admitted that they had full knowledge of the location of the pipeline and that they had executed a right-of-way as to both lots.

The appellants first contend that the chancellor's finding that appellee had established a valid existing right-of-way across their property of a width of fifteen feet was not supported by a preponderance of the evidence. We do not agree. The appellee did have a valid existing right-of-way across Lot 1 pursuant to Ark. Stat. Ann. § 50-404 (Repl. 1971) which provides that if any person shall convey any real estate in fee or any less estate and shall not at the time of such conveyance have the legal estate in the lands but after acquires it, the legal or equitable estate after acquired shall immediately pass to his grantee, the same as if the legal or equitable estate had been in the grantor at the time of the conveyance.

An easement or right-of-way is an interest in land and is conveyed by deed the same as land is conveyed. However, it is not essential to the validity of the grant of an easement that it be described by metes and bounds or by figures giving definite dimensions of the easement. The grant of an easement is valid when it designates the easement or right-of-way as such and describes the lands which are made servient to the easement. While the owner of the servient estate has the right to limit the location of an easement, where he fails to do so it may be selected by the grantee so long as his selection is a reasonable one taking into

consideration the interest and convenience of both estates. Where the grant of a right-of-way is not bounded in the deed it is to be bounded by lines of reasonable enjoyment. *Fulcher* v. *Dierks Lumber & Coal Co.,* 164 Ark. 261, 261 S.W. 2d 645 (1924). The court in reaching such determination will consider the interest and convenience of both estates, and the grantor will have the right of the use of the easement, except insofar as the limitation of that use is essential to the reasonable enjoyment of the easement. *Drainage District No. 16, Mississippi County* v. *Holly,* 213 Ark. 889, 214 S.W. 2d 224 (1948); 25 Am. Jur. 2d *Easements and Licenses* § 78.

The appellee's witnesses testified unequivocally that the minimum width of right-of-way necessary to maintain the pipeline would be fifteen feet. The court so found. The chancellor also found that appellants had actual knowledge of the installation of the line in 1946 and of their own grant and that the language in that grant provided for its maintenance. The findings of a chancellor will not be disturbed on appeal unless they are found to be clearly erroneous or against a clear preponderance of the evidence. As preponderance of the evidence lies heavily on the credibility of the witnesses we defer to the superior position of the chancellor in this regard. *Andres* v. *Andres,* 1 Ark. App. 75, 613 S.W. 2d 409 (1981); Rule 52 (a) Arkansas Rules of Civil Procedure.

The appellants next contend that the chancellor erred in sustaining a cause of action based on anticipatory breach of the use of the right-of-way. They contend that a cause of action does not exist until the appellee's right to repair or maintain the gas line actually has been denied.

The evidence in this case reflects that a building was under construction on that part of the real estate which was subject to the easement. At the time a temporary restraining order was entered there were two walls, door and window frames, and steel beams in place. Had the appellee failed to seek that order the building would have been completed. There was no anticipatory breach of the use of the right-of-way. Once the building was commenced, it was an unnecessary and unreasonable interference with the appellee's

rights and appellee's cause of action arose at that time. The chancellor in this connection stated "any reasonable human being would know that you cannot build over a gas line. . . ." The owner of the servient estate can do nothing tending to diminish its use or make it more inconvenient or create hazardous conditions. We find no merit to this contention.

The appellants next contend that the chancellor erred in determining that the rights of the owner of the easement were superior to those of the surface owner. The rule in this state is that the owner of an easement may make use of the easement compatible with the authorized use so long as the use is reasonable in light of all facts and circumstances of the case. *Massee* v. *Schiller*, 243 Ark. 572, 420 S.W. 2d 839 (1967). In the case of underground pipelines it would appear that one of the primary incidents of the easement is that the line be accessible for maintenance and repair. Without such rights the easements could become useless. The chancellor found that building over a gas line is a hindrance to access for maintenance and repair and a clear restriction on the right of full enjoyment. We find no error in the ruling of the chancellor in this regard.

The appellants finally contend that the chancellor's delimiting of the easement violates the due process clause in that the court's order that the real estate in issue remain unimproved constitutes a substantial taking of appellants' property without due process of law. They argue that the ditch for the pipeline was originally dug by hand and required only a narrow strip of land for construction. They contend that there is a difference between knowledge of existence of the pipeline and knowledge of the extent of the encumbrance.

We do not view this as an unconstitutional taking of additional lands without due process. The law in this state is, and has been at least since *Fulcher*, supra, that an unbounded easement is a grant of a valid right-of-way and that the limits of such a right-of-way are to be determined by the lines of reasonable enjoyment. As the appellants had the right at the time the easement was granted to limit its extent but did not do so, they cannot now claim that they are being

unconstitutionally deprived of their property by a court's present determination of the lines of reasonable enjoyment under that grant.

We affirm.