David REEDER and Charles W. SIMCO and REEDER-SIMCO, GMC, INC. *v.* ARKANSAS LOUISIANA GAS COMPANY

CA 82-112                                   644 S.W.2d 291

Court of Appeals of Arkansas
Opinion delivered December 1, 1982

*Wiggins, Christian & Garner,* by: *Robert O. Sawyer,* for appellants.

*Daily, West, Core, Coffman & Canfield,* by: *Michael C. Carter* and *Wyman R. Wade,* for appellee.

JAMES R. COOPER, Judge. This case involves the scope of an easement. The tracts of land owned by appellants and appellee were sold to them by their common grantors, Arkla Exploration Company and Stephens Production Company. Appellee purchased its land in 1968. In 1973, appellants purchased their tract of land, which lies south of the land owned by appellee. There was an existing road constructed of gravel which extended through the middle of appellants' land. The offer and acceptance executed by appellants provided that the existing road would be relocated within and along the western boundary of appellants' land.

The existence and location of the easement were resolved at the trial court level, and the only issue on which evidence was presented was the scope of the easement. The trial court heard testimony from various witnesses, including a licensed civil engineer. At the close of the testimony, the trial court viewed the land.

The trial court noted that the existing road had been used to transport heavy equipment, and that the new road would be used for the same purpose. The trial court defined the easement for the new road to be twenty feet in width, plus a five foot shoulder on both sides. The trial court noted that the five foot shoulders were necessary for lateral support of the road surface and to allow oversized loads of equipment to

pass each other. The trial court further found that the parties had contemplated a turn at the northern end of the road, which would further encroach on appellants' land, and that the testimony established that a fifty foot turning radius was required for such a turn. From the trial court's decision, comes this appeal.

Appellants argue that the trial court erred because it enlarged the scope of an easement, which was established by express grant. The basis for this argument is that at the time the easement was granted, the parties agreed that an easement was to be established on the western boundary of appellants' land and that the new road would be identical in dimensions to the existing road. The trial court undertook to define the scope of the easement, based on the intent of the parties and the use to which the existing road was being put at the time of the grant of the easement.

In chancery cases, we review the record *de novo*, but we will not reverse the chancellor on appeal unless his findings of fact are clearly erroneous or against a preponderance of the evidence. Rule 52 (a), Ark. Rules of Civ. Proc.; *Andres* v. *Andres*, 1 Ark. App. 75, 613 S.W.2d 404 (1981).

In the case at bar, the contract provided that the existing road would be relocated along the western boundary of appellants' land. Thus, it was necessary for the trial court to consider the dimensions of the existing road, the use to which the existing road was being put, and the purpose of the easement, in order to ascertain the intent of the parties. *See,* 25 Am. Jur. 2d *Easements and Licenses* § 75, 78 (1966); 28 C.J.S. *Easements* § 75, 77 (A) (1) (3) (1941). The trial court was correct in defining the scope of the easement to be that which is reasonably necessary for the purpose and use for which it was created, since the easement was not clearly defined in the contract. *See, Hatfield* v. *Arkansas Western Gas Co.,* 5 Ark. App. 26, 632 S.W.2d 238 (1982).

The findings of the chancellor are neither clearly erroneous, nor against a preponderance of the evidence, and therefore we affirm.

Affirmed.