Walter N. GOODWIN, Jr. and Betty GOODWIN *v.*
Carolyn LOFTON

CA 83-70 662 S.W.2d 215

Court of Appeals of Arkansas
Division I
Opinion delivered January 4, 1984

*Law Offices of Worth Camp, Jr.,* by: *Worth Camp, Jr.,* for appellants.

*Guthrie Burbank & Dodson,* by: *Don B. Dodson,* for appellee.

LAWSON CLONINGER, Judge. This is an appeal from a decree holding that a deed of easement granted to the predecessor in title of appellee, Carolyn Lofton, by the predecessors in title of appellants, Walter N. Goodwin and Betty Goodwin, remains in full force and effect and constitutes the valid right-of-way across lands of appellants. Appellee owns a 70.75 acre tract of land lying immediately west of a 48.25 acre tract owned by appellants. The easement was granted in 1966 and described a permanent and perpetual easement and right-of-way not to exceed 25 feet in width across the property of appellants to provide access from state Highway 7 to the lands of appellee. Subsequent to the granting of the easement, appellant's husband commenced preparations for the construction of a road utilizing the easement as granted, but the husband became ill and died in 1972. Thereafter, appellee admittedly did nothing to utilize the easement until she made a decision in 1981 to move her residence to the 70.75 acre tract.

For reversal, appellants contend that the court erred by failing to find that the easement instrument was an indenture contract and invalid for failure of consideration; that the court's finding that there was no expressed or implied intention to abandon the easement granted is not supported by a preponderance of the evidence; and that the court erred by failing to find that appellee is estopped or prevented by laches from enforcing the easement. We find no error in the trial court and we must affirm.

An indenture is defined as a deed to which two or more parties enter into reciprocal and corresponding obligations toward each other. See Black's Law Dictionary 693 (5th ed. 1979). Failure of consideration may result not only from complete default but also from a protracted delay in performance. In chancery, the amount of delay that will be

condoned varies with the equities of the case. *Henslee* v. *Boyd,* 235 Ark. 369, 360 S.W.2d 505 (1962). However, a present grant, absent fraud, mistake or undue influence, which is delivered, accepted and recorded, is valid without consideration. See *Cannon* v. *Owens,* 224 Ark. 614, 275 S.W.2d 445 (1955); *Parkey* v. *Baker,* 254 Ark. 283, 492 S.W.2d 891 (1973); *Millwee* v. *Wilburn,* 6 Ark. App. 280, 640 S.W.2d 813 (1982). Further, it is to be noted that a deed is to be construed most strongly against the grantor. *Marshall* v. *Marshall,* 227 Ark. 582, 300 S.W.2d 933 (1957).

The pertinent portion of the deed of grant provides as follows:

As a further consideration for this grant, GRANT-ORS reserve the right to themselves, their heirs and assigns, to the use of any road to be constructed hereunder by GRANTEES for any needed use by GRANTORS.

Appellant contends that a failure of consideration occurred because the grantees in the deed of easement were obligated to construct a road within a reasonable time. However, there is no evidence to support a finding that this was an indenture, because there is no reciprocal or corresponding obligation. In fact, there is no affirmative duty on the part of appellee to do anything; the easement deed merely gave the grantors the right to use any road constructed by the grantees.

The rule is recognized in Arkansas that an easement may be lost by abandonment. *Drainage District No. 16* v. *Holly and Roach,* 213 Ark. 889, 214 S.W.2d 224 (1948). Whether an abandonment exists in any given case depends on the particular circumstances of the case. While non-use does not alone constitute an abandonment, it is some evidence of it, and when, in addition to such non-use, facts are proved and circumstances and testimony evincing that intention are offered, then the abandonment is established. In *Drainage District No. 16, supra,* the evidence showing abandonment of right-of-way of an old levee included: (a) The 1915 right-of-way was for a levee only, and in 1938 the

district acquired by grant a right-of-way for a new levee, which was erected on the new location; (b) the district entirely destroyed the old levee by removing an earthen embankment to the location of the new levee; (c) the district exercised no control over the right-of-way of the old levee from 1939 until shortly before the filing of the lawsuit; (d) the district suffered the appellees to erect buildings of a permanent nature on the old right-of-way. The court went on to say that abandonment of an easement will be presented where the owner of the right does or commits to be done any act inconsistent with its future enjoyment. Recognizing that there was other evidence of abandonment, the court affirmed the chancellor's decision that the district had abandoned its old right-of-way.

The rule was again stated that an easement acquired by grant or prescription cannot be lost by mere non-use for any length of time, no matter how great; the non-use must be accompanied by an express or implied intention to abandon. *State Highway Commission* v. *Hampton,* 244 Ark. 49, 423 S.W.2d 567 (1968).

In this case, appellee's husband was in the process of building a road across the easement when he died in 1972. The road was not completed when he died, and appellee made no effort to finish the work done or showed any interest in completing the road until shortly before this lawsuit. However, non-use alone is not enough to show abandonment of an easement. It must be accompanied by an express or implied intention to abandon, and there was no showing of such an intention to abandon by this appellee. There was sufficient evidence to support the chancellor's decision that appellee had neither expressly nor impliedly intended to abandon her easement.

In discussing the doctrine of laches, the case of *Rice* v. *McKinley,* 267 Ark. 659, 590 S.W.2d 305 (1979), defined the term as an unreasonable delay by the party seeking relief under such circumstances as to make it unjust or inequitable to the other party to enforce the agreement. Appellants offered evidence that they had erected chicken houses on their property, and that the noise of traffic near the chicken houses would disturb and panic the chickens. However, in

the chancellor's decree, appellee was specifically directed to build her road so as not to interfere with the permanent improvements which appellants have placed on their property.

Appellant also argues that the doctrine of estoppel is applicable in this case, and cites the rule that equity will lend its aid only to those who are vigilant in asserting their rights. See *Hamilton* v. *Smith*, 212 Ark. 893, 208 S.W.2d 425 (1948). Appellant is correct in his claim that appellee stood by and permitted appellants to erect permanent structures and make other improvements to their farm, but the easement was not described in the deed; it merely granted a right-of-way, and the decree provided that appellee "be reasonable with respect to the rights of defendants in locating the right-of-way . . . and place such right-of-way so as not to interfere with the permanent improvements defendants have placed on their land or the defendants' use thereof." We see no basis for an estoppel argument in this case.

The decision of the trial court is affirmed.

CRACRAFT and CORBIN, JJ., agree.