Bill BISHOP and Shelli Bishop *v.*
CITY of FAYETTEVILLE, *et al.*

CA 02-399                                         97 S.W.3d 913

Court of Appeals of Arkansas
Division III
Delivered February 12, 2003

*Kinkaid, Horne & Daniels*, by: *David B. Horne*, for appellants.

*Kit Williams*, Fayetteville City Att'y, for appellee City of Fay-etteville, Arkansas.

*Friday, Eldredge & Clark, LLP*, by: *Clifford W. Plunkett*, for appellee Alltel Mobile Communications of Arkansas, Inc.

*Bassett Law Firm*, by: *Tod C. Bassett*, for appellee Southwest PCS, LP.

JOHN MAUZY PITTMAN, Judge. This appeal involves the construction of an easement deed. Appellants' predecessors in title granted an easement to the city. The easement was specifically designated as being for two purposes: laying utilities on the easement and providing access to adjoining land that the city owned. Subsequently, the city allowed the construction of wireless communication equipment on the part of the city's land that was accessed by the easement. The appellants sued for trespass and nuisance, arguing that the use made of the easement by defendants exceeded the rights granted to them by appellants' predecessors in title. The trial court disagreed with this construction of the easement deed and granted summary judgment to appellees. This appeal followed.

For reversal, appellants contend that the trial judge erred in entering summary judgment for appellees; in denying appellants' motion for summary judgment; and in failing to construe the easement as excluding the construction, maintaining, and servicing of cellular communications facilities. We affirm.

The record reflects that appellee City of Fayetteville built a water tower on its property adjacent to land owned by Dr. Carl Covey and his wife. In March 1987, the Coveys granted the City a "right-of-way grant" over their property. The deed granted to the City and its assigns "the right of way and easement to construct, lay, remove, relay, enlarge, and operate a water and/or sewer pipeline or lines, manholes, driveway and appurtenances thereto" across the Coveys' property. The deed described the easement as "[a] permanent easement of 25 feet in width for the purpose of laying a water line and an access driveway, more particularly described as follows, to wit: a 25 foot ingress and egress

access and utility easement" and set forth a metes-and-bounds description of its location. The deed also provided:

> TO HAVE AND TO HOLD unto said Grantee, its successors and assigns, so long as such pipe line or lines, manholes, driveway and/or appurtenances, thereto shall be maintained, with ingress to and egress from the real estate first hereinabove described for the purpose of constructing, inspecting, maintaining and repairing said lines, manholes, driveway and appurtenances of Grantee above described, and the removal, renewal and enlargement of such at will, in whole or in part.

In October 1994, the City entered into an agreement with appellee Fayetteville MSA Limited Partnership, through its general partner, Alltel Mobile Communications of Arkansas, Inc., permitting the attachment of wireless communications equipment to the City's water tower. The City also leased to Alltel the ingress and egress easement over the Coveys' land. In 1998, appellants purchased the Coveys' property, after Alltel had operated the wireless equipment and used the access easement for over three years. In October 1998, the City of Fayetteville entered into an agreement with appellee Telecorp Realty, LLC, that permitted Telecorp to construct a wireless tower adjacent to the water tower on the City's property and to use the ingress and egress easement. The City and Telecorp assigned to appellee Southwest PCS, LP, the rights to locate cellular equipment on this tower and to use the easement.

Appellants sued appellees in May 2000 for trespass, nuisance, and inverse condemnation, alleging that appellees had exceeded the scope and intent of the easement. All parties moved for summary judgment, arguing that the right-of-way grant was unambiguous.

Alltel filed the affidavits of Dr. Covey and Burt Rakes, the City's land agent who had negotiated with the Coveys for the right-of-way grant in 1987. Dr. Covey stated that it was his and his wife's intent to give the City "the right to utilize the easement as a utility easement and as a driveway/access easement so that the City could have unlimited ingress and egress to its property for all lawful purposes." He added that he had not intended to restrict the City's access to its property "for any particular purpose." In

his affidavit, Mr. Rakes said that, by the right-of-way grant, the City had intended to obtain a utility easement and an access/driveway easement, for all lawful purposes, to its property and that the Coveys had understood this. He also stated that "[t]he use of the access easement was not limited to the operation of a water utility system or any other specific purpose."

On October 3, 2001, the trial judge entered partial summary judgment for appellees on the trespass and nuisance issues. She found that the easement "clearly and unambiguously grant[ed] the City an easement for an ingress and egress right-of-way and as a utility easement." She also found that the use of the easement by the City and its assigns for access to the City's property was within the scope of the grant. She reserved a decision on the inverse-condemnation issue.

Appellants again moved for summary judgment and requested clarification of the judge's previous order. Appellants argued that, even if the judge had determined that the City's easement was a right of way for utility purposes, the use of the right of way was limited to utility purposes, and cellular telecommunications businesses are not public utilities pursuant to Ark. Code Ann. § 23-1-101 (Repl. 2002). In support, they filed the affidavit of Sam Bratton, counsel to the Arkansas Public Service Commission, wherein he stated that the Commission does not regulate cellular communications businesses. In response, the City argued that the judge's order made it clear that the grant conveyed an ingress and egress right of way *and* a utility easement and, therefore, Mr. Bratton's affidavit was irrelevant. They also asserted that the grant of the ingress and egress easement was not limited in purpose.

Upon the motion of appellants, the judge entered an order on January 2, 2002, dismissing their claim for inverse condemnation with prejudice. On January 22, 2002, the judge denied appellants' second motion for summary judgment, finding that the easement clearly and unambiguously granted the City an ingress and egress right of way to its property *and* a utility easement:

> The Court finds that the ingress and egress right of way given to the City is not limited to the operation of a utility. . . . Even if

this Court were to find that the easement is ambiguous, which it does not, the uncontradicted affidavits of Dr. Covey and the representative of the City that negotiated with Dr. Covey for the easement, Burt Rakes, state that the intention of the parties to the easement was to provide the City with a utility easement and an easement for ingress and egress for all lawful purposes.

Appellants bring this appeal from the October 3, 2001, January 2, 2002, and January 22, 2002, orders.

Appellants argue that the judge erred (1) in entering summary judgment for appellees; (2) in denying appellants' motion for summary judgment; and (3) in failing to construe the easement as excluding the construction, maintaining, and servicing of cellular communications facilities. The first and second points will be considered together.

In summary-judgment cases, this court need only decide if the granting of summary judgment was appropriate based upon whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered. *Inge v. Walker*, 70 Ark. App. 114, 15 S.W.3d 348 (2000). The burden of sustaining a motion for summary judgment is always the responsibility of the moving party. *Id.* All proof submitted must be viewed in a light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. *Id.* On a summary-judgment motion, once the moving party establishes a *prima facie* entitlement to summary judgment by affidavits or other supporting documents, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Welch Foods, Inc. v. Chicago Title Ins. Co.*, 341 Ark. 515, 17 S.W.3d 467 (2000). When a party cannot present proof on an essential element of its claim, there is no remaining genuine issue of material fact, and the party moving for a summary judgment is entitled to judgment as a matter of law. *Short v. Little Rock Dodge, Inc.*, 297 Ark. 104, 759 S.W.2d 553 (1988). Summary judgment is not appropriate where evidence, although in no material dispute as to actuality, reveals aspects from which inconsistent hypotheses might reasonably be drawn and reasonable minds might differ. *Lee v. Hot Springs Village Golf Sch.*, 58 Ark. App. 293, 951 S.W.2d 315 (1997).

Appellants contend that the right-of-way grant unambiguously limited its use to purposes relating to water utilities and did not permit its assignment for the purposes of constructing and servicing wireless-communications towers and equipment. In response, appellees argue that the judge correctly construed the grant as unambiguously conveying two different rights — a utility easement *and* an access driveway unrestricted in the purposes for which it can be used. Appellants further contend that, if the grant is ambiguous, the rules of construction should be employed and it should be construed against its drafter, the City. Appellees, however, point out that the unrebutted affidavits of Mr. Rakes and Dr. Covey prove that the parties intended the deed to convey an unrestricted access right of way *in addition* to the utility easement.

█ █ When interpreting a deed, the court gives primary consideration to the intent of the grantor. *Winningham v. Harris*, 64 Ark. App. 239, 981 S.W.2d 540 (1998). When the court is called upon to construe a deed, it will examine the deed from its four corners for the purpose of ascertaining that intent from the language employed. *Id.* The court will not resort to rules of construction when a deed is clear and contains no ambiguities, but only when the language of the deed is ambiguous, uncertain, or doubtful. *Id.* When a deed is ambiguous, the court must put itself as nearly as possible in the position of the parties to the deed, particularly the grantor, and interpret the language in the light of attendant circumstances. *Id.*

█ █ It is only in case of an ambiguity that a deed is construed most strongly against the party who prepared it, *see Gibson v. Pickett*, 256 Ark. 1035, 512 S.W.2d 532 (1974), or against the grantor. *Goodwin v. Lofton*, 10 Ark. App. 205, 662 S.W.2d 215 (1984). Even then, the rule is one of last resort to be applied only when all other rules for construing an ambiguous deed fail to lead to a satisfactory clarification of the instrument and is particularly subservient to the paramount rule that the intention of the parties must be given effect, insofar as it may be ascertained, and to the rule that every part of a deed should be harmonized and reconciled so that all may stand together and none be rejected. *Gibson v. Pickett, supra.* In arriving at the intention of the parties, the courts may consider and accord considerable weight to the con-

struction of an ambiguous deed by the parties themselves, evidenced by subsequent statements, acts, and conduct. *Wynn v. Sklar & Phillips Oil Co.,* 254 Ark. 332, 493 S.W.2d 439 (1973). Courts may also acquaint themselves with and consider circumstances existing at the time of the execution of a contract and the situation of the parties who made it. *Id.*

A summary judgment may be based upon an unambiguous, written instrument. *Barraclough v. Arkansas Power & Light Co.,* 268 Ark. 1026, 597 S.W.2d 861 (Ark. App. 1980). On our review of the record, we do not believe that a reasonable person could construe the deed as limiting the rights conveyed to uses relating only to water utilities, and we therefore hold that the trial judge was correct in finding the grant to be unambiguous and in construing it as conveying an unrestricted access right of way in addition to a utility easement.

Nor do we believe that the trial judge erred in finding that the City's and its assigns' use of the easement for access to the City's property was within the scope of the grant. The owner of an easement may make use of the easement compatible with the authorized use so long as the use is reasonable in light of all facts and circumstances of the case. *Howard v. Cramlet,* 56 Ark. App. 171, 939 S.W.2d 858 (1997); *Hatfield v. Arkansas W. Gas Co.,* 5 Ark. App. 26, 632 S.W.2d 238 (1982). Two circumstances of the present case are particularly worthy of note: First, the telecommunications equipment was *not* placed on the easement, but on land belonging to the city. Second, the access easement by its very terms anticipated that traffic on the easement might increase as the city developed its land, as indicated by the deed's specific grant of the right to both construct and *enlarge* a roadway on the easement across appellants' property. Given this language, we think that the deed unambiguously granted the city an access easement that anticipated expanded use, and that the trial court did not err in granting summary judgment to the appellees.

Finally, we also agree with the trial judge's conclusion that it is irrelevant whether cellular communications businesses are included within the term "public utility" in Ark. Code Ann. § 23-1-101 (Repl. 2002). The definition of "public utility"

in section 23-1-101 relates only to ratemaking by the Arkansas Public Service Commission. Additionally, it does not matter whether the uses to which the *utility* easement may be put do not include cellular telecommunications purposes, because nothing in the record limits the City's right to permit the placement of and access to cellular towers and equipment on its land that is served by the contemporaneously granted *access* easement.

Affirmed.

CRABTREE, J., agrees.

ROBBINS, J., concurs.

JOHN B. ROBBINS, Judge, concurring. I agree that the trial court's grant of summary judgment should be affirmed but write separately because I disagree with the majority's rationale. I do not share the majority's opinion that the subject easement deed to the City of Fayetteville was not ambiguous.

The deed granted to the City and its assigns "the right-of-way and easement to construct, lay, remove, relay, enlarge, and operate a water and/or sewer pipeline or lines, manholes, driveway and appurtenances thereto" across the Coveys' property. Then in the habendum clause the document provided:

> TO HAVE AND TO HOLD unto said Grantee, its successors and assigns, so long as such pipe line or lines, manholes, driveway and/or appurtenances, thereto shall be maintained, with *ingress to and egress from the real estate* first hereinabove described *for the purpose of constructing, inspecting, maintaining and repairing said lines, manholes, driveway and appurtenances of Grantee* above described, and the removal, renewal and enlargement of such at will, in whole or in part. (Emphasis added.)

I acknowledge that these provisions could be reasonably construed to grant the City the right-of-way across the subject property for uses other than incidental to laying, operating and maintaining water and/or sewer pipelines. However, the question on the issue of ambiguity is whether this language would also permit a reasonable construction that the right-of-way was limited for use only incident to the City's water and/or sewer system opera-

tions. I am of the opinion that the deed could be reasonably construed either way and, consequently, is ambiguous.

The inquiry then becomes what was the intent of the parties to the easement deed, *see Winningham v. Harris*, 64 Ark. App. 239, 981 S.W.2d 540 (1998), and whether the affidavits before the trial court in support of, and in opposition to, the parties' respective motions for summary judgment left any genuine issue of material fact in dispute. Both parties to the deed, the City, through its land agent who had negotiated with the Coveys for the grant in 1987, and the grantor Dr. Covey, avowed in their affidavits that it was the intent of the grantors and grantee that the access easement not be restricted to any particular purpose. Therefore, it does not appear that any genuine issue of material fact remained, and the trial court could properly grant summary judgment to the City.